# IN THE UNITED STATES DISTRICT COURT
# FOR THE DISTRICT OF KANSAS

TODD K. M.,[1]

      Plaintiff,

v.

ANDREW M. SAUL,[2]
**Commissioner of Social Security,**

      Defendant.

CIVIL ACTION

No. 18-1284-JWL

## MEMORANDUM AND ORDER

Plaintiff seeks review of a decision of the Commissioner of Social Security denying Disability Insurance Benefits (DIB) pursuant to sections 216(i) and 223 of the Social Security Act, 42 U.S.C. §§ 416(i) and 423 (hereinafter the Act). Finding no error in the Administrative Law Judge's (ALJ) decision, the court ORDERS that judgment shall be entered pursuant to the fourth sentence of 42 U.S.C. § 405(g) AFFIRMING the Commissioner's final decision.

---

[1] The court makes all its "Memorandum and Order[s]" available online. Therefore, in the interest of protecting the privacy interests of Social Security disability claimants, it has determined to caption such opinions using only the initial of the Plaintiff's last name.
[2] On June 17, 2019, Andrew M. Saul was sworn in as Commissioner of Social Security. In accordance with Rule 25(d)(1) of the Federal Rules of Civil Procedure, Mr. Saul is substituted for Acting Commissioner Nancy A. Berryhill as the defendant. In accordance with the last sentence of 42 U.S.C. § 405(g), no further action is necessary.

I.      **Background**

Plaintiff claims the ALJ accorded some weight to the opinion Dr. McNeley-Phelps expressed in the report of her consultative examination, but erroneously failed to include the limitations Dr. McNeley-Phelps opined regarding Plaintiff's ability to respond to stress and to adapt to changes in the workplace. (Pl. Br. 11).

The court's review is guided by the Act. Wall v. Astrue, 561 F.3d 1048, 1052 (10th Cir. 2009). Section 405(g) of the Act provides that in judicial review "[t]he findings of the Commissioner as to any fact, if supported by substantial evidence, shall be conclusive." 42 U.S.C. § 405(g). The court must determine whether the ALJ's factual findings are supported by substantial evidence in the record and whether he applied the correct legal standard. Lax v. Astrue, 489 F.3d 1080, 1084 (10th Cir. 2007); accord, White v. Barnhart, 287 F.3d 903, 905 (10th Cir. 2001). "Substantial evidence" refers to the weight of the evidence. It requires more than a scintilla, but less than a preponderance; it is "such relevant evidence as a reasonable mind might accept as adequate to support a conclusion." Richardson v. Perales, 402 U.S. 389, 401 (1971); see also, Wall, 561 F.3d at 1052; Gossett v. Bowen, 862 F.2d 802, 804 (10th Cir. 1988).

The court may "neither reweigh the evidence nor substitute [its] judgment for that of the agency." Bowman v. Astrue, 511 F.3d 1270, 1272 (10th Cir. 2008) (quoting Casias v. Sec'y of Health & Human Servs., 933 F.2d 799, 800 (10th Cir. 1991)); accord, Hackett v. Barnhart, 395 F.3d 1168, 1172 (10th Cir. 2005); see also, Bowling v. Shalala, 36 F.3d 431, 434 (5th Cir. 1994) (The court "may not reweigh the evidence in the record, nor try the issues de novo, nor substitute [the Court's] judgment for the

[Commissioner's], even if the evidence preponderates against the [Commissioner's] decision.") (quoting Harrell v. Bowen, 862 F.2d 471, 475 (5th Cir. 1988)).  Nonetheless, the determination whether substantial evidence supports the Commissioner's decision is not simply a quantitative exercise, for evidence is not substantial if it is overwhelmed by other evidence or if it constitutes mere conclusion.  Gossett, 862 F.2d at 804-05; Ray v. Bowen, 865 F.2d 222, 224 (10th Cir. 1989).

The Commissioner uses the familiar five-step sequential process to evaluate a claim for disability.  20 C.F.R. § 404.1520; Wilson v. Astrue, 602 F.3d 1136, 1139 (10th Cir. 2010) (citing Williams v. Bowen, 844 F.2d 748, 750 (10th Cir. 1988)).  "If a determination can be made at any of the steps that a claimant is or is not disabled, evaluation under a subsequent step is not necessary."  Wilson, 602 F.3d at 1139 (quoting Lax, 489 F.3d at 1084).  In the first three steps, the Commissioner determines whether claimant has engaged in substantial gainful activity since the alleged onset, whether he has a severe impairment(s), and whether the severity of his impairment(s) meets or equals the severity of any impairment in the Listing of Impairments (20 C.F.R., Pt. 404, Subpt. P, App. 1).  Williams, 844 F.2d at 750-51.  After evaluating step three, the Commissioner assesses claimant's RFC.  20 C.F.R. § 404.1520(e).  This assessment is used at both step four and step five of the sequential evaluation process.  Id.

The Commissioner next evaluates steps four and five of the process—determining at step four whether, considering the RFC assessed, claimant can perform his past relevant work; and at step five whether, when also considering the vocational factors of age, education, and work experience, he is able to perform other work in the economy.

Wilson, 602 F.3d at 1139 (quoting Lax, 489 F.3d at 1084). In steps one through four the burden is on Plaintiff to prove a disability that prevents performance of past relevant work. Blea v. Barnhart, 466 F.3d 903, 907 (10th Cir. 2006); accord, Dikeman v. Halter, 245 F.3d 1182, 1184 (10th Cir. 2001); Williams, 844 F.2d at 751 n.2. At step five, the burden shifts to the Commissioner to show that there are jobs in the economy which are within the RFC assessed. Id.; Haddock v. Apfel, 196 F.3d 1084, 1088 (10th Cir. 1999).

## II. Discussion

Plaintiff notes that the ALJ afforded Dr. McNeley-Phelps's opinion some weight and "added limitations with public-interaction" to account for Dr. McNeley-Phelps's opinion that Plaintiff's "history of problematic interactions with supervisors, and his uncooperativeness at times during the examination would affect his ability to deal with co-workers and the general-public." (R. 18) (citing Ex. 7F) (quoted at Pl. Br. 10). He argues that although the ALJ accounted for Dr. McNeley-Phelps's opinion regarding social interaction he did not asses any "limitations regarding adapting to changes or responding to a work environment in the RFC" to account for the psychologist's opinion that Plaintiff's "ability to respond to stress and to adapt to changes in the workplace is likely compromised as well." Id. at 11 (quoting R. 395). He argues "the ALJ did not even acknowledge that his RFC assessment conflicted with Dr. McNeley-Phelps's opinion," and remand is required. Id.

The Commissioner argues that "the ALJ did account for issues Plaintiff may have in dealing with stress or changes in the workplace by limiting Plaintiff to only simple, routine, and repetitive work, and reducing stressors by limiting contact with others."

4

(Comm'r Br. 8) (citing R. 14). He cites Smith v. Colvin, 821 F.3d 1264, 1269 (10th Cir. 2016) for the proposition that an ALJ need not include Dr. McNeley-Phelps's opinion verbatim. Id. He argues that Dr. McNeley-Phelps's opinion did not offer concrete functional limitations because she "did not state how compromised Plaintiff's ability was to respond to stress or adapt to changes in the workplace." Id. (emphasis in original).

The Commissioner cites a Ninth Circuit case for the proposition that where a consultative examination report does not contain specific restrictions an ALJ may translate the claimant's condition "into the only concrete restrictions available to him– [the state agency psychologist's] recommended restriction[s]" and that fact does not constitute a rejection of the consultative examiner's opinion. Id. at 9 (quoting Stubbs-Danielson v. Astrue, 539 F.3d 1169, 1173-74 (9th Cir. 2008)). He then explains how the ALJ accorded significant weight to the opinions of the state agency psychologists "but provided greater restriction commensurate with Dr. McNeley-Phelps's opinion by limiting Plaintiff to no contact with the public and limiting him to only routine work." Id. at 9-10 (citing R. 17). He argues that "both the ALJ's residual functional capacity assessment and the jobs he ultimately found Plaintiff was capable of accounted for any credible limitations Plaintiff might have in his ability to adapt." Id. at 10. He argues that "because the ALJ explicitly provided Dr. McNeley-Phelps's opinion some weight and because the reasons for that weight are ascertainable from the decision, the ALJ's analysis of the opinion was sufficiently specific." Id. at 12 (citing Oceguera v. Colvin, 658 F. App'x 370, 374 (10th Cir. 2016); Payton v. Astrue, 480 F. App'x 465, 469 (10th Cir. 2012)).

5

The court generally agrees with Plaintiff's statement of the legal standard applicable here.

> The RFC assessment is based on all of the evidence of record and is an administrative assessment. SSR 96-8p, 1996 WL 374184 (Soc. Sec. Admin July 2, 1996). It is the Commissioner's final responsibility to determine the RFC. 20 C.F.R. § 404.1546. However, the ALJ's RFC must be supported by the substantial evidence of record and the ALJ must have applied the correct legal standards. Cowan v. Astrue, 552 F.3d 1182, 1184-85 (10th Cir. 2008). Further, Social Security Ruling 96-8p requires that the RFC assessment "must include a narrative discussion describing how the evidence supports each conclusion, citing specific medical facts…and nonmedical evidence." 1996 WL 374184, *7. When an ALJ fails to provide a narrative discussion as required by SSR 96-8p, then the court will conclude that the RFC conclusions are not supported by substantial evidence. See Southard v. Barnhart, 72 Fed. Appx. 781, 784-785 (10th Cir. July 28, 2003). When the ALJ does not comply with SSR 96-8p by linking the RFC with the evidence of record, then the ALJ decision is beyond meaningful judicial review. Brown v. Commissioner of the Social Security Administration, 245 F. Supp. 2d 1175, 1187 (D. Kan. 2003).
>
> In addition to requiring an explanation regarding any material inconsistencies or ambiguities in the evidence, SSR 96-8p, 1996 WL 374184, at *7 also requires that "[i]f the RFC assessment conflicts with an opinion from a medical source, the ALJ must explain why the opinion was not adopted." In Haga v. Astrue, 482 F.3d 1205, 1208 (10th Cir. April 3, 2007) [(sic)], the Tenth Circuit explained that when an ALJ gives weight to an opinion, the ALJ must explain why he rejects some of the limitations in the opinion while adopting others. The court reiterated that the "ALJ is not entitled to pick and choose through an uncontradicted medical opinion, taking only the parts that are favorable to a finding of nondisability." Id. (citing Robinson v. Barnhart, 366 F.3d 1078, 1084-85 (10th Cir. 2004) and Hamlin v. Barnhart, 365 F.3d 1208, 1219 (10th Cir. 2004)).
>
> Again in Chapo v. Astrue, 682 F.3d 1285, 1291-92 (10th Cir. 2012), the Tenth Circuit explained that the ALJ mishandled a doctor's findings after the ALJ "accepted, at least to a limited extent" the doctor's restrictions, but discounted many of the limitations "with no explanation at all as to why one part of his opinion was creditable and the rest was not." Similarly, the District of Kansas has often found remand required when the ALJ provided significant or substantial weight to an opinion, but then, without explanation, failed to include all of the doctor's limitations in the RFC. See

> Lodwick v. Astrue, No. 10-1394-SAC, 2011 WL 6253799, at *4 (D. Kan.
> Dec. 13, 2011) (including a collection of cases from the District of Kansas
> requiring remand when the ALJ did not adequately address all limitations
> in an opinion afforded weight).

(Pl. Br. 8-10).

As Plaintiff explains, an ALJ may not pick and choose through an uncontradicted report, accepting those portions that support his decision while ignoring other portions. When the ALJ's RFC assessment conflicts with a medical opinion, the ALJ must explain why he did not adopt the opinion and when he affords significant weight or substantial weight to a medical opinion he must explain why he failed to accept certain limitations included in the opinion. Plaintiff has not demonstrated that any of these requirements have been violated in this case.

First, the ALJ here accorded only "some weight," not "significant weight" or "substantial weight" to Dr. McNeley-Phelps's opinion. (R. 18). On the other hand, he accorded "significant weight" to the opinions of the state agency psychological consultants. Id. (citing Exs. 2A, 4A). Moreover, Plaintiff has not demonstrated that the ALJ ignored a portion of Dr. McNeley-Phelps's opinion or that his RFC assessment conflicts with the opinion.

Dr. McNeley-Phelps provided a section of her report entitled "***Summary/Opinion***," which the court quotes here in full:

> [Plaintiff] has diagnoses of PTSD and bipolar disorder. However, he was
> evasive when asked about these symptoms. What was most striking about
> his presentation was his characterological issues. It is possible that he was
> showing symptoms of a thought disorder, although his odd speech patterns
> might have been due to schizotypal traits.

7

> Intellectually, [Plaintiff] <u>is capable</u> of learning and performing semi-skilled tasks. However, given his characterological issues, he <u>likely</u> would struggle in most work environments. He has a history of problematic interactions with supervisors by his report. In the course of this examination, he was uncooperative at times, refusing to do certain tasks that he was asked to do. Likewise, he <u>would struggle</u> to interact appropriately with coworkers and the public. His ability to respond to stress and to adapt to changes in the workplace is <u>likely compromised</u> as well.
>
> [Plaintiff] would need someone to manage his funds. By his therapist's report, his wife is unable to trust him with funds, as he chooses to buy items for himself rather than the family.

(R. 395) (emphases added).

Here is the ALJ's evaluation of Dr. McNeley-Phelps's opinion:

> The physician at the consultative examination noted that the claimant <u>was capable of performing</u> semi-skilled tasks, but that his history of problematic interactions with supervisors, and his uncooperativeness at times during the examination <u>would affect</u> his ability to deal with coworkers and the general-public (Exhibit 7F). This is consistent with the physician's own mental status findings, and the claimant's subjective statements. Therefore, the undersigned affords the opinion some weight, and he has added limitations with public-interaction to the residual functional finding.

(R. 18) (emphases added).

The portions of Dr. McNeley-Phelps's opinion underlined above by the court reveal that she opined regarding Plaintiff's mental limitations, but there were mental abilities in which she suggested that he "possibly" or "might" have limitations but she did not express limitations. (R. 395). Among this category was her statement that Plaintiff's "ability to respond to stress and to adapt to changes in the workplace is <u>likely compromised</u>." Id. The underlined portions of the ALJ's explanation reveal that he accepted the limitations expressed by Dr. McNeley-Phelps. As the Commissioner argues,

8

Dr. McNeley-Phelps did not opine regarding a functional limitation in Plaintiff's ability to respond to stress and to adapt to changes in the workplace and Plaintiff has shown no conflict between the ALJ's RFC assessment and the limitations expressed by Dr. McNeley-Phelps. In light of the record evidence and the ALJ's explanation of his decision, Plaintiff has shown no error.

**IT IS THEREFORE ORDERED** that judgment shall be entered pursuant to the fourth sentence of 42 U.S.C. § 405(g) AFFIRMING the Commissioner's final decision.

Dated August 5, 2019, at Kansas City, Kansas.

s:/ John W. Lungstrum
**John W. Lungstrum**
**United States District Judge**